# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICKEY L. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:15CV1859 ACL |
| ) | |
| CHRIS KOSTER, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Rickey Jackson's petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition appears to be barred by the statute of limitations. Therefore, the Court will order petitioner to show cause why the petition should not be dismissed.

In 1989, petitioner was convicted of unlawful use of a weapon, a class D felony. He was sentenced to five years of probation. In May 1990, the state court found that petitioner had violated the terms of his probation, and it sentenced him to five years' imprisonment.

In the instant petition, petitioner claims that he was denied due process during his 1990 probation revocation hearing.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period of limitations for filing habeas petitions did not exist when petitioner was convicted, or prior to enactment of the AEDPA on April 24, 1996.

In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000).

In consideration of the aforementioned case law, the limitations period in this case expired on April 24, 1997. There do not appear to be any tolling events after that date. As a result, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

Accordingly,

2

**IT IS HEREBY ORDERED** that petitioner must show cause, within twenty-one (21) days of the date of this Order, why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 8th day of February, 2016.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE
3