# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY L. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1859 ACL |
| | ) | |
| CHRIS KOSTER, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Rickey Jackson's petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition is barred by the statute of limitations. Therefore, this action is dismissed under Rule 4 of the Rules Governing § 2254 Proceedings.

In 1989, petitioner was convicted of unlawful use of a weapon, a class D felony. He was sentenced to five years of probation. In May 1990, the state court found that petitioner had violated the terms of his probation, and it sentenced him to five years' imprisonment.

In the instant petition, petitioner claims that he was denied due process during his 1990 probation revocation hearing.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .

The one-year period of limitations for filing habeas petitions did not exist when petitioner was convicted, or prior to enactment of the AEDPA on April 24, 1996.

In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000).

Therefore, the limitations period expired on April 24, 1997. Petitioner says that he is actually innocent, and therefore, he can overcome the limitations period.

A habeas petitioner may be entitled to avoid § 2244's limitation period of he can prove that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). However, a petitioner asserting actual innocence must have new evidence showing that no juror could have found him guilty if that evidence had been available at trial. *Id.* at 1935. Petitioner does not have new evidence pertaining to his actual innocence. His claims with regard to his innocence are wholly conclusory. As a result, this action is time barred.

Finally, petitioner has failed to demonstrate that jurists of reason would find it

debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **DENIED**, and this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed separately.

Dated this   2nd     day of March, 2016.

                                            \s\    Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE